UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
FREDERIN MARTINEZ,

                          Plaintiff,

      -against-

TOBEY LEVINE MCMILLAN and WERNER
ENTERPRISES INC.,

                       Defendants.     x
-----------------------------------------------------------------------

**REPORT AND
RECOMMENDATION**

25-CV-918
(Vitaliano, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

*Pro se* Plaintiff Frederin Martinez brought this action against Defendants Tobey Levine McMillan and Werner Enterprises Inc. (collectively, "Defendants"), alleging negligence stemming from a motor vehicle accident. Presently before the Court, on a referral from the Honorable Eric N. Vitaliano, United States District Judge, is Defendants' motion to dismiss this action with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See* Dkt. No. 32; Referral Order, dated Nov. 26, 2025. For the reasons set forth below, the undersigned respectfully recommends that Defendants' motion be granted in part and that Plaintiff's Complaint be dismissed without prejudice.[1]

I.     **Relevant Background**

Plaintiff—then represented by counsel—commenced this action on September 23, 2024, in the Supreme Court of the State of New York, Kings County, claiming negligence in connection with an automobile collision alleged to have occurred on October 22, 2023. Dkt. No. 1-1. On November 1, 2024, Defendants filed their Answer and asserted several affirmative defenses. Dkt. No. 1-2.

---

[1] Martin Hinds, a judicial intern who is a third-year law student at the Washington University School of Law, is gratefully acknowledged for his assistance in the research of this Report and Recommendation.

On February 18, 2025, Defendants removed this action to the United States District Court for the Eastern District of New York on the basis of diversity of citizenship jurisdiction.[2]  Dkt. No. 1.

On April 25, 2025, the Court held an initial conference.  Minute Entry, dated Apr. 25, 2025.  Counsel appeared for all parties and the undersigned set a discovery schedule.  *Id.*  In short, fact discovery was to be completed by October 17, 2025, and all discovery, including expert discovery, was to be completed by January 15, 2026.  *Id.*  The parties were directed to file a joint status report outlining the status of discovery by May 21, 2025.  *Id.*

On May 9, 2025, without leave of the Court, Defendants filed a Third-Party Complaint against Americo Duran.  Dkt. No. 13.  Defendants/Third-Party Plaintiffs allege that Third-Party Defendant Duran owned and operated the vehicle in which Plaintiff was a passenger at the time of the accident.  *Id.* ¶¶ 9-13.  The Clerk issued a Summons as to Third-Party Defendant Duran on May 16, 2025. Dkt. No. 15.  On July 17, 2025, Defendants/Third-Party Plaintiffs filed affirmations of service regarding service on Third-Party Defendant Duran.  Dkt. No. 19.  To date, Third-Party Defendant Duran has not appeared in this action.

The parties filed a joint status report on May 21, 2025. Dkt. No. 16.  The parties reported, *inter alia*, that "state court discovery" was exchanged by both parties, and that Defendants served Plaintiff with requests for interrogatories and the production of documents on April 29, 2025, and were awaiting a response from Plaintiff.  *Id.*  The undersigned directed the parties to file another joint status report by June 25, 2025.  Status Report Order, dated May 21, 2025.  Accordingly, the

---

[2] The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).  Plaintiff is a New York citizen.  Dkt. No. 1 ¶ 4; Dkt. No. 1-1 ¶ 1.  Defendant Werner Enterprises, Inc., is a Nebraska corporation and its principal place of business is in Nebraska.  Dkt. No. 1 ¶ 5; Dkt. No. 3 at 2.  Defendant McMillan is a citizen of Connecticut.  Dkt. No. 1 ¶ 6; Dkt. No. 3 at 2.  The amount in controversy exceeds $75,000.  Dkt. No. 1 ¶¶ 8-9; Dkt. No. 1-3 at 6.

parties filed a joint status report on June 23, 2025.  Dkt. No. 17.  The parties reported that Plaintiff had yet to serve his responses to Defendants' April 29, 2025 discovery demands.  *Id.* at 1.  The parties stated that Plaintiff's "response is delayed because plaintiff's counsel has been assessing whether he will move to be relieved as counsel."  *Id.*  The undersigned then instructed the parties to file a joint status report by July 23, 2025, and advised the parties that the discovery deadlines would not be extended without a showing of good cause.  Status Report Order, dated June 23, 2025.

On July 11, 2025, Plaintiff's counsel requested a pre-motion conference for an anticipated motion to withdraw as counsel for Plaintiff.  Dkt. No. 18.  That same day, the undersigned denied the motion, without prejudice, for lack of compliance with Local Civil Rule 1.4(b).  Text Order, dated July 11, 2025.

The parties filed a joint status report on July 23, 2025.  Dkt. No. 20.  The parties advised the Court that, although Plaintiff had yet to respond to Defendants' April 29, 2025 discovery demands, Plaintiff agreed to voluntarily dismiss the action. *Id.* at 1.  Specifically, the parties stated that Plaintiff's counsel "is waiting for [Plaintiff]'s signature on a voluntary dismissal with prejudice," because Plaintiff "agreed the dismissal [*sic*], but has not yet returned the signed dismissal document. In the event [Plaintiff] rescinds his agreement to dismiss the action, [Plaintiff's counsel] intends to move forward with a motion to be relieved as counsel, and expects to so move by August 8, 2025." *Id.*  The parties were directed to file another joint status report by July 29, 2025.  Text Order, dated July 23, 2025.  Accordingly, the parties filed a joint status report on July 29, 2025, and reported that Plaintiff still had not returned the signed stipulation of dismissal. Dkt. No. 21.  Plaintiff's counsel stated that he planned to move to withdraw as counsel by August 25, 2025 if Plaintiff did not sign the stipulation of dismissal by August 8, 2025.  *Id.*  On

July 30, 2025, the undersigned directed the parties to file another joint status report by August 8, 2025.  Status Report Order, dated July 30, 2025.  The parties filed another joint status report on August 8, 2025, and the status remained unchanged.  Dkt. No. 22.

On August 8, 2025, the Court entered the following Scheduling Order:

> An in-person status conference will be held before [the undersigned] in Courtroom 11A South at 2:00 p.m. on September 4, 2025. The individual plaintiff shall attend the conference with counsel. Plaintiff shall also bring a Court-certified interpreter, if necessary.  Plaintiff's counsel is directed to serve this Order upon Plaintiff and file a letter by August 12, 2025 confirming the same.

Scheduling Order, dated Aug. 8, 2025.  Plaintiff's counsel failed to serve the Scheduling Order on Plaintiff by August 12, 2025, and the undersigned again directed Plaintiff's counsel to do so and to file a letter confirming service upon Plaintiff by August 15, 2025.  Text Order, dated Aug. 13, 2025.  On August 14, 2025, Plaintiff's counsel filed a letter stating that the Scheduling Order was served upon Plaintiff by regular mail and email, and again stated his intention to move to withdraw as counsel before the end of August 2025.  Dkt. No. 23.  On that same date, the undersigned reminded Plaintiff's counsel that he was to attend the in-person conference scheduled for September 4, 2025, as the Court had not relieved him as counsel.  Text Order, dated Aug. 14, 2025.

On August 29, 2025, Plaintiff's counsel filed a motion to withdraw as counsel because counsel and Plaintiff "reached an impasse in [their] relationship," and counsel "attempted to resolve communication issues with plaintiff, but such attempts have been unsuccessful."  Dkt. No. 24 ¶¶ 3, 8.  Plaintiff's counsel served Plaintiff with a copy of the motion via mail.  Dkt. No. 25.

On that same date, the undersigned deferred ruling on the motion to withdraw and reminded the parties that both Plaintiff and Plaintiff's counsel were directed to appear at the September 4, 2025 status conference, along with Defendants' counsel.  Text Order, dated Aug. 29, 2025.  The undersigned directed Plaintiff's counsel to serve a copy of the August 29, 2025 Text Order on

4

Plaintiff and file proof of service by September 2, 2025. *Id.* Plaintiff's counsel served Plaintiff via mail and email. Dkt. No. 26.

On September 4, 2025, the Court held an in-person status conference. Minute Entry, dated Sep. 4, 2025. Counsel appeared. *Id.* Plaintiff, however, did not appear at the conference, despite having been ordered to do so by the Court. *Id.* Plaintiff was ordered to show cause by September 8, 2025, "as to why sanctions should not be issued against him for failing to comply with Court Orders, including dismissal of this action for failure to prosecute." *Id.* Plaintiff was "advised that such sanctions may include the attorneys' fees and costs associated with Defendants' preparation of a motion to dismiss this case due to Plaintiff's failure to prosecute." *Id.* Further, the undersigned granted Plaintiff's counsel's motion to withdraw, subject to the caveat that counsel serve the Minute Entry/Order on Plaintiff by email, overnight mail, and text message by September 5, 2025. *Id.* On September 5, 2025, counsel filed proof of service on Plaintiff by certified mail, email, and text message. Dkt. No. 27.

Plaintiff, proceeding *pro se*, failed to respond to the Order to Show Cause by September 8, 2025. On September 17, 2025, the Court *sua sponte* extended the deadline for Plaintiff to show cause until September 22, 2025. Text Order, dated Sep. 17, 2025. The Court again warned Plaintiff that "should he fail to respond, the Court is inclined to recommend dismissal of his case due to his failure to prosecute." *Id.* On September 18, 2025, Defendants filed proof of service of the September 17, 2025 Order on Plaintiff by first-class mail and email. Dkt. No. 28.

Plaintiff failed to respond by September 22, 2025. On September 23, 2025, the Court issued the following Order:

> On September 4, 2025, Plaintiff was ORDERED to SHOW CAUSE by September 8, 2025 as to why sanctions should not be issued against him for failing to comply with Court Orders, including Plaintiff's failure to appear in Court, as expressly directed by the undersigned. Plaintiff was warned that continued failure to abide

by the Court's orders may result in sanctions against him, such as dismissal of this action for failure to prosecute.

When Plaintiff failed to respond by September 8, 2025, the Court *sua sponte* extended his time to SHOW CAUSE until September 22, 2025. The Court cautioned Plaintiff again that failure to abide by the Court's orders may result in sanctions against him, including dismissal of this action and assessment against him of the costs associated with Defendants' preparation of a motion to dismiss for failure to prosecute.

Again, Plaintiff has failed to SHOW CAUSE or otherwise respond to the Court's Orders, despite having been served the same by email, overnight mail, and text message. The Court *sua sponte* extends Plaintiff's time to respond to October 16, 2025 to provide plaintiff with one final chance to SHOW CAUSE as to why sanctions should not be issued against him, including dismissal of his action and assessment against him of the fees and costs associated with Defendants' preparation of a motion to dismiss for failure to prosecute.

Defendants are directed to serve this Order on Plaintiff, by email, text message, and first-class mail, and to file proof of the same by September 25, 2025.

Text Order, dated Sep. 23, 2025 (citations omitted) (italicization added). On September 24, 2025,

Defendants filed proof of service of the September 23, 2025 Order by first-class mail, email, and

text message. Dkt. No. 29.

Plaintiff again failed to respond to the Court's orders, and on October 17, 2025, the

undersigned entered the following Order:

Plaintiff . . . has failed to SHOW CAUSE, comply with the Court's orders, or otherwise appear in this action since he neglected to attend the September 4, 2025 status conference, as expressly directed. Since then, the Court has *sua sponte* extended Plaintiff's time to provide an explanation as to his absence and to resume participation in this action. The Court has cautioned numerous times that failure to abide by the Court's orders may result in sanctions against him, including dismissal of this action and assessment against him of the costs associated with Defendants' preparation of a motion to dismiss for failure to prosecute. The Court's orders have also been served on Plaintiff by email, overnight mail, and text message.

The Court extends Plaintiff's time to respond to November 14, 2025, after which a deadline will be set for Defendants to move to dismiss this action for failure to prosecute. Defendants are directed to serve this Order on Plaintiff, by email, text message, and first-class mail, and to file proof of the same by October 20, 2025.

6

Text Order, dated Oct. 17, 2025 (citations omitted) (italicization added).   That same day, Defendants filed proof of service of the October 17, 2025 Order by first-class mail, email, and text message.  Dkt. No. 30.

After Plaintiff failed to respond to the October 17, 2025 Order, on November 17, 2025, the undersigned ordered Defendants to file their motion to dismiss this action for failure to prosecute by December 17, 2025.  Text Order, dated Nov. 17, 2025.  Defendants served the November 17, 2025 Order via first-class mail, email, and text message.  Dkt. No. 31.

On November 25, 2025, Defendants filed their motion to dismiss with prejudice for failure to prosecute.  Dkt. Nos. 32, 33.  No response has been filed to date, and Plaintiff has not otherwise appeared in this action since his non-attendance at the September 4, 2025 status conference.  On November 26, 2025, Judge Vitaliano referred Defendants' motion to the undersigned for a report and recommendation.  Referral Order, dated Nov. 26, 2025.

On February 2, 2026, the undersigned ordered Defendants to file a letter addressing: "(1) whether the third-party complaint against third-party defendant Duran was timely under Fed. R. Civ. P. 14(a)(1); and (2) if the Court dismisses Plaintiff's action for failure to prosecute, whether Defendants intend to then voluntarily dismiss any third-party claim against defendant Duran, without prejudice to renewal."  Text Order, dated Feb. 2, 2026.

On February 3, 2026, Defendants filed a letter conceding that Defendants had not obtained the Court's leave to file the Third-Party Complaint and that the Third-Party Complaint was not timely filed.  Dkt. No. 35 at 1-2.  Defendants requested that the Court "permit [Defendants] to move for leave to file a third-party complaint by a date certain."  *Id.* at 2.  Defendants also stated that, if the Court dismisses Plaintiff's action for failure to prosecute, Defendants would "voluntarily dismiss the third party-action [*sic*] against Duran . . . without prejudice to renewal."

7

*Id.* Defendants noted that "such a dismissal of the direct action for failure to prosecute would obviate [Defendants'] request for leave to move to file a third-party complaint." *Id.*

## II.   **Discussion**

### A.   **Legal Standard**

Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Schwartz v. AMF Bowling Ctrs., Inc.*, No. 19-CV-7096 (WFK) (JAM), 2025 WL 1682269, at *2 (E.D.N.Y. June 16, 2025) (directing defendant to file an Fed. R. Civ. P. 41(b) motion to dismiss for failure to prosecute after the plaintiff's failure to respond to the Court's orders), *report and recommendation adopted*, 2025 WL 1826568 (E.D.N.Y. July 2, 2025); *Nielsen v. J.C. Penny Co., Inc.*, No. 23-CV-5619 (JGLC) (HJR), 2025 WL 868495, at *2 (S.D.N.Y. Mar. 20, 2025) (applying court's inherent authority to *sua sponte* dismiss case for failure to prosecute), *report and recommendation adopted*, 2025 WL 1265807 (S.D.N.Y. Apr. 30, 2025). While a district court's power to dismiss an action is inherent and dismissal under Rule 41(b) is subject to the discretion of the district court, the Second Circuit has stated that a Rule 41(b) dismissal is a "'harsh remedy that should be utilized only in extreme situations,' especially so when dismissal is with prejudice or when a *pro se* litigant's claim is dismissed for failure to prosecute." *Mayanduenas v. Bigelow*, 849 F. App'x 308, 310 (2d Cir. 2021) (citations omitted); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[A] Rule 41(b) dismissal remains 'a harsh remedy to be utilized only in extreme situations.'" (citation omitted)).

"While the Second Circuit has cautioned that 'pro se plaintiffs should be granted special leniency regarding procedural matters,' courts in this district have recognized that 'even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the

8

Court gives warning." *Zeigler v. Annucci*, No. 23-CV-707 (KMK), 2025 WL 1056904, at *2 (S.D.N.Y. Apr. 8, 2025) (citations omitted); *see also Rob v. Von Horn*,  -- F. Supp. 3d -- , No. 19-CV-3822 (AMD) (JAM), 2025 WL 3072789, at *19 (E.D.N.Y. Nov. 4, 2025) (order adopting report and recommendation) ("For a *pro se* litigant, dismissal is reserved for 'circumstances [that] are sufficiently extreme.'" (quoting *Jacobs v. Cnty. of Westchester*, No. 99-CV-4976 (WCC), 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008)))); *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) (holding that "[i]t is plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed with prejudice as a sanction for his unjustified conduct."). "Dismissal of a *pro se* litigant's action may be appropriate 'so long as a warning has been given that non-compliance can result in dismissal.'" *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (citation omitted).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court "considering a Rule 41(b) dismissal must weigh five factors." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Specifically, the district court must weigh:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Id.* (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)); *see also Rob*, 2025 WL 3072789, at *17, 18-20 (quoting same and then discussing the factors). "No single factor is dispositive and they apply 'regardless of whether plaintiff is represented by counsel or proceeding *pro se*.'" *Rob*, 2025 WL 3072789, at *17 (citation omitted); *see also U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) ("No one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole.").

9

**B.    Analysis**

Here, all five of the *Baptiste* factors weigh in favor of dismissal.

The first factor focuses on whether the failure to prosecute was of a significant duration. *See Martens v. Thomann*, 273 F.3d 159, 180-81 (2d Cir. 2001).  Here, Plaintiff has been non-compliant with Court orders for over five months, since September 4, 2025, when he failed to appear at the status conference after being directed to appear.  *See* Minute Entry, dated Sep. 4, 2025.  Indeed, even a delay of a few months may warrant dismissal.  *See Zappin v. Doyle*, 756 F. App'x 110, 112 (2d Cir. 2019) ("Case law . . . supports a conclusion that a 49-day delay could be significant and could weigh in favor of dismissal" for failure to prosecute under Rule 41(b)); *Prophete v. N.Y.C. Health & Hosps.*, No. 23-CV-11117 (RA), 2025 WL 315958, at *2 (S.D.N.Y. Jan. 28, 2025) (finding dismissal appropriate when the plaintiff had been unresponsive for more than three months); *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where "[t]he plaintiff has not meaningfully communicated with the defendants for over two months" and also had not communicated with the court in over two months); *Toliver v. Okvist*, No. 10-CV-5354 (DAB) (JCF), 2014 WL 2535111, at *2 (S.D.N.Y. June 5, 2014) (recommending dismissal of a case under Rule 41(b), where the plaintiff's response to a court order was five weeks overdue), *report and recommendation adopted*, 2015 WL 8543103 (S.D.N.Y. Dec. 10, 2015).  Plaintiff's *pro se* status does not excuse his noncompliance with Court orders.  *See Agiwal*, 555 F.3d at 302 ("'All litigants, including *pro ses*, have an obligation to comply with court orders,' and failure to comply may result in sanctions, including dismissal with prejudice." (citation omitted)); *Gibson v. City of New York*, No. 21-CV-4251 (GHW) (BCM), 2022 WL 3566493, at *2 (S.D.N.Y. Aug. 3, 2022) ("[L]ike all litigants, *pro se* parties 'have an obligation to comply with court orders.  When they flout that

obligation they . . . must suffer the consequences of their actions.'" (citation omitted)), *report and recommendation adopted*, 2022 WL 3549875 (S.D.N.Y. Aug. 18, 2022).  Accordingly, the first factor weighs in favor of dismissal.

As to the second factor, Plaintiff has received adequate notice that his failure to comply with Court orders may result in dismissal of this action.  After Plaintiff failed to appear at the in-person status conference on September 4, 2025, Plaintiff was ordered to show cause by September 8, 2025, "as to why sanctions should not be issued against him for failing to comply with Court Orders, including dismissal of this action for failure to prosecute."  Minute Entry, dated Sep. 4, 2025.  Plaintiff was "advised that such sanctions may include the attorneys' fees and costs associated with Defendants' preparation of a motion to dismiss this case due to Plaintiff's failure to prosecute." *Id.*  On September 17, 2025, after Plaintiff failed to respond by September 8, 2025, the undersigned *sua sponte* extended the deadline for Plaintiff to show cause until September 22, 2025, and again warned Plaintiff that "should he fail to respond, the Court is inclined to recommend dismissal of his case due to his failure to prosecute."  Text Order, dated Sep. 17, 2025. Plaintiff failed to respond by September 22, 2025, and on September 23, 2025, the undersigned reminded Plaintiff of the prior warnings and again extended the time for Plaintiff to show cause, until October 16, 2025, "as to why sanctions should not be issued against him, including dismissal of his action and assessment against him of the fees and costs associated with Defendants' preparation of a motion to dismiss for failure to prosecute."  Text Order, dated Sep. 23, 2025.  On October 17, 2025, after Plaintiff again failed to respond, the undersigned noted that the Court "has cautioned numerous times that failure to abide by the Court's orders may result in sanctions against [Plaintiff], including dismissal of this action and assessment against him of the costs associated with Defendants' preparation of a motion to dismiss for failure to prosecute," and extended

11

"Plaintiff's time to respond to November 14, 2025, after which a deadline will be set for Defendants to move to dismiss this action for failure to prosecute." Text Order, dated Oct. 17, 2025. After Plaintiff still failed to respond, on November 17, 2025, the Court ordered Defendants to file their motion to dismiss this action for failure to prosecute by December 17, 2025. Text Order, dated Nov. 17, 2025. Plaintiff received each of these orders by mail, email, and/or text message. *See* Dkt. Nos. 27, 28, 29, 30, 31. These orders provided Plaintiff with explicit notice that failure to prosecute his action would result in sanctions, including a recommendation of dismissal. Plaintiff was also served with a copy of Defendants' motion to dismiss for failure to prosecute. *See* Dkt. Nos. 32, 33. Such notices are sufficient to satisfy the second *Baptiste* factor. *See Hunter v. N.Y. Dep't of Corr. Servs.*, 515 F. App'x 40, 43 (2d Cir. 2013) (holding that two notices that an action could be dismissed provided sufficient notice for a layperson to understand).

As to the third factor, Plaintiff's repeated failure to appear before the Court or respond to the Court's orders may permit the Court to presume as a matter of law that Defendants will be prejudiced by further delay. "Courts may presume such prejudice where . . . [Plaintiff] has caused an 'unreasonable delay.'" *Wilson v. Doe 1-4*, No. 21-CV-5170 (RPK), 2022 WL 2065030, at *2 (E.D.N.Y. June 8, 2022) (citation omitted); *see also Tankersley v. City of New York*, No. 19-CV-3359 (MKB), 2021 WL 5013620, at *3 (E.D.N.Y. Oct. 26, 2021) ("[A]s Plaintiff has provided no explanation for the extended delay and failed to appear at his deposition and three scheduled telephonic conferences, the Court presumes as a matter of law that Defendants will be prejudiced by further delay."). "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable. In cases where 'delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.'" *Rob*, 2025 WL 3072789, at *19 (quoting *Norden Sys.*, 375 F.3d at 256). Here, Plaintiff has failed to comply

with Court orders since September 4, 2025 without explanation. He has therefore caused an unreasonable delay as Defendants have been unable to proceed in the defense of this action.

The fourth factor favors dismissal because Plaintiff has been provided myriad opportunities to be heard but has been unresponsive to the Court for months. "[T]he Court must weigh the administrative burden placed on the Court's docket by stagnant cases . . . , with [Plaintiff]'s right to due process and fair chance to be heard." *Id.* at *20 (citations omitted). "In making this determination, courts 'look at whether a litigant has been given an opportunity to be heard on the issue of failure to prosecute' and compare that to, 'plaintiff's interest in prosecuting [its] case.'" *Id.* (quoting *Velt Corp. v. United States*, No. 19-CV-5463 (MKB) (ST), 2020 WL 8413513, at *3 (E.D.N.Y. Dec. 7, 2020), *report and recommendation adopted*, 2020 WL 7639962 (E.D.N.Y. Dec. 23, 2020)).

Here, the Court repeatedly *sua sponte* extended the time for Plaintiff to respond to orders and to show cause "as to why sanctions should not be issued against him for failing to comply with Court Orders, including dismissal of this action for failure to prosecute." Minute Entry, dated Sep. 4, 2025; *see also* Text Order, dated Sep. 17, 2025; Text Order, dated Sep. 23, 2025; Text Order, dated Oct. 17, 2025; Text Order, dated Nov. 17, 2025. Plaintiff received each of these orders by mail, email, and/or text message. *See* Dkt. Nos. 27, 28, 29, 30, 31. These extensions constituted ample opportunity for Plaintiff to be heard, and his non-responsiveness demonstrates a clear lack of interest in pursuing this case. *See Velt Corp.*, 2020 WL 8413513, at *3 ("The Plaintiff has shown no interest in litigating this case as he has failed to move the case forward and has not so much as filed a status report since the matter's inception more than a year ago," which favors dismissal). Plaintiff's repeated, knowing refusal to respond to the Court's orders tips the balance

in favor of dismissal, "alleviating the administrative burden and congestion that stagnant cases, such as this one, place on the Court's docket." *Rob*, 2025 WL 3072789, at *20.

As to the final factor, a lesser sanction is unlikely to be effective in forcing Plaintiff's compliance with Court orders. Courts in this Circuit have found that no sanction less than dismissal is warranted where the plaintiff has "effectively disappeared" and is no longer communicating with the court, despite repeated orders to comply. *Velt Corp.*, 2020 WL 8413513, at *3; *see also Lewis v. Experian Info. Sols., Inc.*, No. 23-CV-857 (AMD) (LKE), 2024 WL 4593424, at *3 (E.D.N.Y. Oct. 28, 2024) (explaining that a "lesser sanction is unlikely to remedy the prejudice resulting from [the plaintiff's] delay and failure to comply with court orders" (citation omitted)); *Copiel v. Pugliese*, No. 19-CV-4231 (MKB) (LB), 2021 WL 2792182, at *3 (E.D.N.Y. Apr. 29, 2021) (noting that "when a plaintiff fails to respond to a Court order once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter" (citations omitted)), *report and recommendation adopted as modified*, 2021 WL 2659985 (E.D.N.Y. June 29, 2021). Here, Plaintiff has had over five months to respond to the Court's orders but has failed to do so.

Accordingly, Plaintiff's lack of interest in this case shows that a lesser sanction is unlikely to have any effect. *See Rogers v. Villafane*, No. 12-CV-3042 (CBA) (MDG), 2013 WL 3863914, at *3 (E.D.N.Y. July 24, 2013) (order adopting report and recommendation) ("There is no indication that a lesser sanction, such as a fine, would be effective, given the plaintiff's failure to take any action for several months to indicate an interest in pursuing this case.").

At bottom, the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. In light of the evaluation of the five factors above, Plaintiff's non-compliance warrants dismissal of Plaintiff's Complaint.

14

## C.       Dismissal Without Prejudice

Defendants seek dismissal of this action with prejudice.  *See* Dkt. No. 32-1 at 6.[3]  "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it."  *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 43 (2d Cir. 1982) (quoting Fed. R. Civ. P. 41(b)).  It is also clearly established within this Circuit that *pro se* litigants "should be granted special leniency regarding procedural matters" in the context of Federal Rule of Civil Procedure 41(b).  *LeSane*, 239 F.3d at 209 (citing *Lucas*, 84 F.3d at 535).

Notwithstanding Plaintiff's failure to prosecute this action, the undersigned respectfully recommends, given Plaintiff's *pro se* status, that Plaintiff's claims be dismissed *without* prejudice. *See Buxbaum v. Town of Clarkstown Police Dep't*, No. 25-CV-518 (PMH), 2026 WL 84516, at *3 (S.D.N.Y. Jan. 12, 2026) (dismissing *pro se* plaintiff's complaint without prejudice); *Febrianti v. NYC Health & Hosps.*, No. 23-CV-6175 (JLR) (SDA), 2025 WL 2411982, at *4 (S.D.N.Y. Aug. 1, 2025) (recommending dismissal without prejudice in light of the plaintiff's *pro se* status), *report and recommendation adopted*, 2025 WL 2411101 (S.D.N.Y. Aug. 20, 2025).  Indeed, with respect to failure to prosecute motions against *pro se* plaintiffs, courts have found dismissal without prejudice to be "a less harsh, and more appropriate, sanction."  *Campbell v. City of New York*, No. 21-CV-4056 (JLR), 2023 WL 2561510, at *2 (S.D.N.Y. Mar. 17, 2023); *see also Reynel v. Barnhart*, No. 01-CV-6482 (RLE), 2002 WL 2022429, at *1 (S.D.N.Y. Sep. 3, 2002) (concluding that a dismissal for failure to prosecute should be without prejudice "[g]iven the plaintiff's *pro se* status").  "Dismissal without prejudice adequately balances those interests in this case, by serving 'the district court's need to clear its calendar without unduly penalizing a *pro se* litigant for failing

---

[3] Page citations are to the ECF-stamped pages unless otherwise noted.

to comply with a scheduling order.'" *Wilson*, 2022 WL 2065030, at *2 (quoting *Thrall v. Cent. N.Y. Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010)).

Therefore, the undersigned respectfully recommends that Plaintiff's Complaint be dismissed without prejudice.

### D.    Defendants' Third-Party Complaint Against Duran

Under Rule 14(a) of the Federal Rules of Civil Procedure, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "[T]he third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." *Id.*

Here, Defendants filed their Answer on November 1, 2024, prior to the removal of the action to federal court. Dkt. No. 1-2. On May 9, 2025, Defendants filed a Third-Party Complaint against Americo Duran.[4] Dkt. No. 13. Despite it being more than fourteen days since serving their Answer—and indeed, it being more than six months after filing their Answer—Defendants did not request leave of Court prior to filing the Third-Party Complaint, in violation of Rule 14(a)(1).

Defendants concede that they did not obtain the Court's leave to file the Third-Party Complaint and that the Third-Party Complaint was not timely filed. Dkt. No. 35 at 1-2. Defendants submit, however, that their "oversight . . . cannot conceivably prejudice Duran." *See id.* at 2. In light of the above recommendation that Defendants' motion to dismiss for failure to prosecute be granted, the Court need not address whether Defendants' Third-Party Complaint was timely filed or whether to permit Defendants to move for leave to file a Third-Party Complaint by

---

[4] To date, Third-Party Defendant Duran has not appeared in this action.

a date certain.  Moreover, Defendants note that if the Court dismisses Plaintiff's Complaint for failure to prosecute, Defendants would "voluntarily dismiss the [Third-Party Complaint] against Duran . . . without prejudice to renewal," since the dismissal of the Complaint "would obviate [Defendants'] request for leave to move to file a third-party complaint."  *Id.*  Thus, should the Court adopt this Report and Recommendation, the undersigned intends to set a deadline for Defendants to file either a notice of voluntary dismissal regarding the Third-Party Complaint or a status letter regarding the Third-Party Complaint.

### III.    Conclusion

For the foregoing reasons, the undersigned respectfully recommends that Defendants' motion to dismiss be granted in part and that Plaintiff's Complaint be dismissed without prejudice pursuant to Rule 41(b).

Defendants shall serve a copy of this Report and Recommendation on Plaintiff via overnight mail, e-mail, and text at the following addresses:

Frederin Martinez
1540 Brien Avenue
Brooklyn, New York 11210

Frederin Martinez
82 Pine Street, Apt. 1F
Brooklyn, New York 11208

Email: frederickmartinez2415@gmail.com
Phone number: (929) 597-6855

Defendants shall file proof of service by February 9, 2026.

Any objections to this Report and Recommendation must be filed within fourteen (14) days after service of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (d) (addressing computation of days).  Any requests for an extension of time for filing objections must be directed to Judge Vitaliano.  The "failure to object

17

timely to a [magistrate judge]'s report operates as a waiver of any further judicial review of the [magistrate judge]'s decision." *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (quoting *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d. Cir. 1989)). Indeed, "a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." *Stevens v. Duquette*, No. 22-1571, 2024 WL 705954, at *1 (2d Cir. Feb. 21, 2024) (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003)). Accordingly, the failure to file objections within this timeframe or specify the particular issues to be reviewed precludes further review of this Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Frego v. Kelsick*, 690 F. App'x 706, 709 (2d Cir. 2017) (appellate review barred because plaintiff failed to object to the magistrate judge's report and recommendation pertaining to the claim on which plaintiff now seeks to appeal (citing *Caidor*, 517 F.3d at 604)).

Dated:      Brooklyn, New York          **SO ORDERED.**
            February 6, 2026

                                         ___/s/ Joseph A. Marutollo___
                                         JOSEPH A. MARUTOLLO
                                         United States Magistrate Judge